IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS G., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-20-3148 |
| KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On October 29, 2020, Dennis G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed motions for summary judgment (ECF Nos. 13, 16) on May 5, 2021 and August 5, 2021, respectively.[1] After consideration of the Complaint and the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 16) are DENIED, the SSA's decision is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] On September 30, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings. *See* ECF Nos. 3, 4.

1

## PROCEDURAL HISTORY

On July 28, 2017, Plaintiff filed a Title XVI application for SSI, alleging disability since February 15, 2015. ECF No. 12-3 at 15. His claim was denied initially on January 16, 2018 and upon reconsideration on July 19, 2018. *Id.* Subsequently, on July 25, 2018, Plaintiff filed a written request for a hearing, and on October 2, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On October 30, 2019, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 25. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on September 17, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On October 29, 2020, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. ECF No. 1.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court then is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal

standards and the ALJ's factual findings are supported by substantial evidence." (citations omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

3

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(i), (b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(ii), (c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d). *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of

4

the analysis. 20 C.F.R. § 416.920(a)(4)(iv). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* § 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not differentiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a plaintiff's subjective evidence of pain "improperly increases [Plaintiff's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), (e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. *Radford*, 734 F.3d at 291 (citations omitted). However, the burden of proof shifts to the ALJ at step five to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of July 28, 2017. ECF No. 12-3 at 17. At step two, the ALJ found that Plaintiff had severe impairments of left lower extremity venous stasis ulcer, cellulitis, deep vein thrombosis ("DVT"), degenerative joint disease of the left hip, and history of left femoral head fracture. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 19. At step four, the ALJ determined that Plaintiff had the RFC:

> [T]o perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, and crouch, never crawl, and never work around unprotected heights or

> moving mechanical parts; he can have occasional exposure to extreme cold; he would be off task five percent of the time; he can occasionally use the left lower extremity for foot controls; he can occasionally use the non-dominant left shoulder for reaching overhead; he can perform simple, routine tasks; use of a cane to ambulate away from the workstation.

*Id.* at 20. The ALJ then found that Plaintiff was unable to perform any past relevant work. *Id.* at 23. Finally, at step five, the ALJ found that there were "jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," after considering Plaintiff's age, education, work experience, and RFC. *Id.* at 24. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in [the Act]" since July 28, 2017, the date the application was filed. *Id.* at 25.

## DISCUSSION

Plaintiff raises two arguments on appeal: (1) the ALJ failed to properly evaluate whether his impairments met or medically equaled the criteria of Listing 4.11 at step three; (2) the ALJ erroneously evaluated opinion evidence according to the new standard in 20 C.F.R. § 416.920c(a), applying to claims filed after March 27, 2017. ECF No. 13-1 at 5–6. I address each below.

A. <u>ALJ's Evaluation of Plaintiff's Impairments According to Listing 4.11</u>

Plaintiff first argues that the ALJ failed to properly assess whether his impairments met or medically equaled the Listing 4.11 criteria at step three of the sequential evaluation. *Id.* Plaintiff is entitled to a conclusive presumption that he is disabled within the meaning of the Act where he can show that his condition "meets or equals the listed impairments" in 20 C.F.R. pt. 404, subpt. P, app. 1. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). "[A]n ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101

7

Case 1:20-cv-03148-ADC Document 17 Filed 11/02/21 Page 8 of 12

F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). Therefore, the duty to identify relevant impairments according to listing criteria "is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). Plaintiff bears the burden of proof to show he meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Because "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citations omitted). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 295 (citations omitted); *see Fox v. Colvin*, 632 F.App'x. 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory step three analysis necessitated remand). When the evidence in the record clearly demonstrates an issue related to a particular listing and the ALJ failed both to properly identify the listing and to explain the medical evidence she used to support her decision, remand is warranted unless the record clearly shows the listing was considered and the ALJ's opinion contains "an equivalent discussion of the medical evidence relevant to the Step Three analysis" elsewhere in her opinion. *Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002). *See Keene v. Berryhill*, 732 F.App'x 174, 177 (4th Cir. 2018) ("[C]ourts have determined that an ALJ's step-three conclusion that the claimant did not meet the listing at issue can be upheld based on the ALJ's findings at subsequent steps in the analysis."); *Smith v. Astrue*, 457 F.App'x 326, 328 (4th Cir. 2011) (finding that substantial evidence supported

the ALJ's step three finding based on the ALJ's decision as a whole, despite the ALJ's explanation being "cursory").

Listing 4.11 refers to chronic venous insufficiency of a lower extremity. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.11. The condition includes "incompetency or obstruction of the deep venous system," as well as one of the following:

> A. Extensive brawny edema (see 4.00G3) involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip.
>
> OR
>
> B. Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not *healed* following at least 3 months of prescribed treatment.

*Id.* (emphasis added). Regarding Listing 4.11, the ALJ simply stated: "There is no evidence that [Plaintiff's] DVT meets any of the requirements of Listing 4.11 (Chronic venous insufficiency)." ECF No. 12-3 at 20.

Plaintiff argues that there is "no question" that his ulceration met the requirements of (B) and that it is clear that his edema met the requirements of (A). ECF No. 13-1 at 5. In support of his argument, Plaintiff points to medical evidence in the record spanning years that identified and detailed his chronic ulcer, including from September 11, 2019 when the provider referred to Plaintiff's "nonhealing ulcer" that "is not clearing up." ECF No. 13-1 at 5; ECF No. 12-3 at 59. I find Plaintiff's argument with respect to the persistent ulcer persuasive. The ALJ offered no explanation at her step three analysis with respect to why Plaintiff's chronic left lower extremity venous stasis ulcer did not meet the Listing requirements of 4.11. *See* ECF No. 12-3 at 20. Even considering the ALJ's narrative analysis of Plaintiff's RFC, the evidence analyzed does not clearly support that the condition did not meet the listing requirements. When analyzing Plaintiff's RFC,

9

the ALJ identified Plaintiff's repeated visits to seek treatment for his "chronic ulcer" on his leg. *Id.* at 21–22. This evidence detailed multiple visits to manage the pain, swelling, and necrosis. *Id.* At no point did the record show that the ulcer had healed, even when it appeared that Plaintiff complied with treatment recommendations. *Id.* at 21–22.

Defendant contends that the ALJ's review of the evidence satisfied the step three analysis because the ALJ, after reviewing the evidence, identified that "Plaintiff's cellulitis and pain was controlled with proper treatment." ECF No. 16-1 at 8. This is not persuasive.[2] The criteria for Listing 4.11(B) refers to a recurrent or persistent ulceration which has not *healed* following at least three months of persistent treatment. The ALJ's review of the record did show a three-month period during which Plaintiff followed prescribed treatment, pursuant to Listing 4.11. *See* ECF No. 12-3 at 22. However, while Plaintiff's condition had improved, it still required treatment. *Id.* Therefore it is unclear how one could conclude that the ulceration had "healed" as required by subsection (B) of Listing 4.11, without providing more evidence to support such a decision. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.11. Even if the ALJ properly considered the evidence in the record and concluded that there had been a period of three months that Plaintiff's ulceration had been healed following proscribed treatment, she provided no such explanation in her decision. Reviewing such evidence is a "necessary predicate" to a substantial evidence review by this Court.

---

[2] Defendant's argument that "even if the ALJ's analysis at step three is inadequate, any error is harmless because the record does not support a finding that Plaintiff's impairment meets or equals Listing 4.11" is similarly without merit. *See* ECF No. 16-1 at 5. The ALJ's analysis of impairments that meet or medically equal listings entitles Plaintiff to a conclusive presumption of disability. *See Bowen v. City of New York*, 476 U.S. at 471. Failing to analyze a possibly applicable listing thus is certainly not harmless. And further, "this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence." *Griffin v. Commissioner*, Civ. No. SAG–16–274, 2017 WL 432678, at *2 (D.Md. Jan. 31, 2017) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

*See Radford*, 734 F.3d at 295. As such, the Court is unable to determine that the ALJ's decision is supported by substantial evidence, and remand is warranted.[3] *See id.* In remanding, I express no opinion as to whether Plaintiff is disabled under the meaning of the Act.

B. Standard for Adjudicating Medical Opinion Evidence

Plaintiff next argues that the ALJ erroneously weighed the medical opinion evidence of his treating and examining physicians by applying the newer standard in 20 C.F.R. § 416.920c(a), for claims filed on or after March 27, 2017, as opposed to the former standard that more favorably viewed the opinions of treating physicians. ECF No. 13-1 at 6. The basis of Plaintiff's argument is that his new application that was filed within 12 months of his initial denial ought to have been reopened under 20 C.F.R. § 416.1488(a)(1), and that his new application should have been analyzed under the more deferential former standard.

This provision in 20 C.F.R. § 416.1488(a)(1) states any Agency decision *"may"* be reopened "within 12 months of the date of the notice of the initial determination, for any reason." 20 C.F.R. § 416.1488(a)(1). However, 20 C.F.R. § 416.1488 does not require an ALJ to reopen a prior claim; instead "the decision to reopen is 'discretionary' and not subject to review by this Court, absent a colorable constitutional claim." *Harris v. Astrue*, No. PWG-10-3288, 2012 WL 5936998, at *2 (D.Md. Nov. 26, 2012). *See Califano v. Sanders*, 430 U.S. 99, 107–08 (1977) (concluding that the Act does not authorize judicial review of the Agency's discretion in refusing to reopen a claim for social security benefits); *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981)

---

[3] Because Listing 4.11 can be met either by a showing of subsection (A) or (B), remand is appropriate for the ALJ to reweigh whether any of Plaintiff's impairments or combination of impairments meet or medically equal the severity of Listing 4.11 at step three. This Court then need not consider whether Plaintiff's evidence of the edema in particular supports a finding under Listing 4.11. However, the Court notes that Plaintiff still bears the burden to prove his impairments meet or medically equal the listings at this stage. *See Radford*, 734 F.3d at 291.

(explaining that the court lacks jurisdiction to review a decision to not reopen a claim for benefits unless there are constitutional questions at issue). Here, Plaintiff has not provided any colorable constitutional claim for why his prior claim should have been reopened. As such, the ALJ properly exercised her discretion in declining to reopen Plaintiff's past application.

## CONCLUSION

In summation, the Court finds that the ALJ failed to provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 16) are DENIED. The decision of the SSA is REVERSED due to inadequate analysis. This case is REMANDED for further proceedings in accordance with this opinion.

Date: 1 November 2021

A. David Copperthite
United States Magistrate Judge